**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| **VS.** § | **NO. A-05-CR-201(2) LY** | |
| § | | |
| **JOE CELSO PEREZ** § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on September 1, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On November 1, 2006, Judge Lee Yeakel sentenced the Defendant to 36 months of imprisonment, followed by one year of supervised release, for misprision of a felony, in violation of 18 U.S.C. § 4. The Defendant's supervision commenced on November 3, 2009.

The Defendant generally did well initially, though he did test positive for cocaine use in December 2009, and May 2010. Then, in August 2010, ten months into the twelve month supervision term, the Defendant was arrested and charged with retaliation. The affidavit in support of the arrest warrant contended that the Defendant approached David Mugica and told him not to testify against a person charged with aggravated assault with a deadly weapon. The confrontation

became violent, and the Defendant is alleged to have punched and kicked Mugica numerous times. On August 30, 2010, the Court was informed of the arrest. When that charge had not been resolved as the Defendant's term of supervision was set to expire, the Probation Office filed its petition, and on October 27, 2010, Judge Pitman ordered the issuance of a warrant. On August 18, 2011, the Defendant pled guilty to attempted retaliation, a state jail felony, and was sentenced to 360 days of imprisonment. The Defendant was released from state custody on August 22, 2011, and was transferred to the custody of the U.S. Marshal for a hearing on the petition.

On September 1, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by committing a new offense, attempted retaliation, a state jail felony.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 8 to 12 months of imprisonment. The Court has considered all of the above, as well as the time the Defendant served in state jail for his new conviction. Considering this, the Court RECOMMENDS that the Defendant be sentenced to 8 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of September, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE